**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TAKEI MCFARLAND**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 4:14-CV-90-DMB-RP**

**STANLEY BROOKS, et al.**                                                                **DEFENDANTS**

**ORDER**

On October 28, 2016, Takei McFarland filed a "Second Motion for Writ of Habeas Corpus *Ad Testificandum*," Doc. #63, and a motion to continue the trial in this case currently set for November 7, 2016, Doc. #64. In his motion for writ, McFarland represented that he is currently incarcerated by the State of Mississippi at the Simpson County Technical Violation Center, that he will be incarcerated as of the current trial date, and that he is expected to be released on November 14, 2016. Referencing his separately-filed motion to continue the trial, McFarland asked, if trial is not continued, for a writ of habeas corpus ad testificandum commanding his appearance at trial. In his motion to continue, McFarland asked that "trial be continued to a date after November 14, 2016," to "obviate the need to have [him] transported to trial from custody by the State of Mississippi … [and to] further allow [his] counsel more ready access to [him] to prepare for trial."

On October 31, 2016, this Court granted the motion for writ and denied the motion for continuance as moot. Doc. #67. In the order, the Court noted that its denial of the continuance was "subject to reconsideration pending the availability of all parties and their counsel for trial on January 11, 2017." The Court issued a writ of habeas corpus ad testificandum the same day. Doc. #68.

On November 1, 2016, McFarland filed a motion for reconsideration of the October 31 order. Doc. #69. In the motion, McFarland represents that his counsel is now available for trial on January 11, 2017,[1] and that all parties are agreeable to the continuance sought, and asks that "[i]n the event trial is continued … the Court's Order provide that the subpoenas will be continued to the new trial date, so that Plaintiff may avoid the necessity of re-serving witnesses." *Id.* at ¶¶ 6–8.

Upon consideration, it is **ORDERED**:

1. McFarland's motion for reconsideration [69] is **GRANTED**;

2. This Court's October 31, 2016, order [67] and writ of habeas corpus ad testificandum [68] are **WITHDRAWN**;

3. McFarland's motion to continue [64] is **GRANTED**;

4. Trial in this matter is **CONTINUED** until January 11, 2017, and a notice resetting trial will be entered accordingly;

5. The subpoenas served to date by the parties are **CONTINUED** until the date of trial;[2] and

6. McFarland's second motion for writ of habeas corpus ad testificandum [63] is **DENIED as moot**.

**SO ORDERED**, this 1st day of November, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] All parties and counsel, except for McFarland's counsel, previously advised the Court of their availability for trial on January 11, 2017.

[2] The parties are responsible for advising their subpoenaed witnesses of the new trial date in light of the continuance granted.