IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TAKEI MCFARLAND                                                                                  PLAINTIFF

V.                                                                                  NO. 4:14-CV-90-DMB-RP

STANLEY BROOKS, et al.                                                                         DEFENDANTS

## ORDER GRANTING REIMBURSEMENT

Before the Court is a "Motion for Expense Reimbursement" filed by Richard Shane McLaughlin, counsel for Takei McFarland. Doc. #87.

**I**
**Background**

On June 23, 2014, McFarland filed a pro se prisoner complaint alleging a variety of constitutional claims arising from his work conditions at the Mississippi State Penitentiary in Parchman, Mississippi. Doc. #1. On July 15, 2014, United States Magistrate Judge S. Allan Alexander granted McFarland's motion to proceed in forma pauperis. Doc. #6. After a *Spears* hearing on December 17, 2014, Judge Alexander issued a Report and Recommendation recommending the dismissal of all but McFarland's Eighth Amendment claims against Stanley Brooks, Ed Cole, Henry Gipson, and Richard Gipson, which this Court adopted on February 9, 2015. Doc. #13; Doc. #18. On May 18, 2015, the remaining defendants moved for summary judgment on all remaining claims. Doc. #23.

On June 2, 2015, Judge Alexander, on McFarland's motion, issued an order appointing Richard Shane McLaughlin as counsel to represent McFarland on a contingency basis after finding that "McFarland's case would benefit from assistance of counsel in preparing for and handling the trial." Doc. #31. The order provided:

> If, upon resolution of this matter, McFarland is not the prevailing party as set forth in 42 U.S.C. § 1983, the court will reimburse Mr. McLaughlin for reasonable out-of-pocket expenses, up to a presumed maximum of $500.00, incurred in pursuit of this litigation, using funds accrued from the court's attorney admission fee fund.

*Id*. at 3.

On March 21, 2016, this Court granted in part and denied in part the defendants' motion for summary judgment, dismissing only McFarland's claims against Richard Gipson. Doc. #44. A three-day jury trial on the claims against Brooks, Cole and Henry Gipson was held January 11-13, 2017, resulting in a verdict in favor of the defendants.

On January 25, 2017, McLaughlin filed the instant "Motion for Expense Reimbursement." Doc. #87. McLaughlin asks the Court to use its discretion and reimburse him for "reasonable out-of-pocket expenses incurred" totaling $1,772.95, consisting of: (1) $645.00 for deposition transcripts;[1] (2) $133.56 for mileage to and from the Mississippi State Penitentiary for depositions;[2] (3) $56.18 for mileage to and from Oxford, Mississippi, for the pre-trial conference;[3] (4) $181.26 for mileage to and from Greenville, Mississippi, for trial;[4] (5) $332.39 for a three-night hotel stay;[5] (6) $192.28 for Dr. Tom Tabler's witness fees and mileage;[6] (7) $192.28 for Dr. Mary Beck's witness fees and mileage;[7] and (8) $40.00 for service of trial subpoenas.[8] *Id.* at 2. Alternatively, McLaughlin states that "in the event the Court finds that the

---

[1] The reporter's invoice and a check reflecting payment of $645.00 for depositions were submitted. Doc. #87-1.

[2] This amount is based on 252 miles at the rate of $0.53 per mile.

[3] This amount is based on 106 miles at the rate of $0.53 per mile.

[4] This amount is based on 342 miles at the rate of $0.53 per mile.

[5] McLaughlin submitted the hotel reservation confirmations from Harlow's Casino Resort and Spa in Greenville, Mississippi, reflecting a total payment of $654.00 for two hotels rooms for three nights. Doc. #87-2. He only seeks reimbursement for his room, which amounts to $327.00, not the requested $332.39.

[6] A copy of a check to Dr. Tabler reflecting payment of $192.28 was submitted. Doc. #87-3.

[7] A copy of a check to Dr. Beck reflecting payment of $192.28 was submitted. Doc. #87-4.

[8] A copy of a check for $40.00 to the Oktibbeha County Sheriff's Department was submitted. Doc. #87-5.

'presumed maximum' in the Order appointing counsel is controlling, counsel requests an expense reimbursement of $500." *Id*. McLaughlin contends that "[t]he case could not have been properly prepared for summary judgment and trial without the incursion of these expenses." *Id*. at 3. Notably, he "does not seek reimbursement for expenses for copies, postage, meals during trial or electronic legal research," nor for the expenses of his co-counsel, Victor Fleitas. *Id*.

## II
## Analysis

Section 670.20(b)(6) of the *Guide to Judiciary Policy* provides in pertinent part that attorney admission funds may be used for "[r]eimbursement of pro bono counsel for out-of-pocket expenses, payment of compensation to pro bono counsel, and payment of witness fees and other expenses for indigent pro se civil litigants." Upon consideration of the nature and history of this action, the Court finds that the expenses for which McLaughlin seeks reimbursement are reasonable and were necessary to the litigation of McFarland's claims. Therefore, the Court concludes that McLaughlin should be reimbursed for the expenses requested. Accordingly, his motion for reimbursement [87] is **GRANTED**. The Clerk of the Court is **DIRECTED** to issue payment to McLaughlin from the attorney admission fee fund in the amount of $1,767.56.[9]

**SO ORDERED**, this 5th day of May, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] This differs from the total sum McLaughlin requested in his motion because, as noted above, the amount for his hotel stay is $327.00 not $332.39. Though the total reimbursement amount is more than the "presumed maximum" in Judge Alexander's order, the *Guide to Judiciary Policy* does not indicate any maximum reimbursement amount.